UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

TYRONE AUGUSTINE,

                Plaintiff                **COMPLAINT**

v.

FULTON FRIEDMAN & GULLACE, LLP.

                Defendants.             JUDGE ROMAN
----------------------------------------------------------x

## INTRODUCTION

1. This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), New York General Business Law § 349, and New York Judiciary Law § 487.

## JURISDICTION AND VENUE

2. The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1337.

3. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

5. Venue in this District is proper in that Defendants transacts business in the District, Plaintiff resides in this District, and the conduct complained of occurred in this District.

## PARTIES

6. Plaintiff, Tyrone Augustine (hereinafter "Mr. Augustine") is a natural person who has resided at all relevant times in New Rochelle, a city in Westchester County, New York.

1

7. Mr. Augustine is a consumer as defined in the FDCPA § 1692a(3).

8. Defendant Fulton Friedman & Gullace LLP (hereinafter "Fulton") is a law firm engaged in the business of collecting debts in this state, with its principal place of business located at 28 East Main Street, Rochester, NY 14614.

9. Fulton's principal purpose is the collection of debts.

10. Fulton regularly attempts to collect debts alleged to be due another.

11. Fulton is a debt collector as defined in the FDCPA §1692a(6).

## FACTS

12. On August 20, 2013, Fulton, representing debt buyer Asset Acceptance, LLC ("Asset"), filed a Summons and Complaint against Augustine in New Rochelle City Court, in an action titled Asset Acceptance, LLC v. Augustine, Index No. 2276/13 (hereinafter, "the State Action").

13. The State Action sought recovery of a purported debt associated with a FIA Card Services account ending in –3913 for $9502.96.

14. Upon information and belief, FIA Card Services issues credit cards bearing a Bank of America logo.

15. Fulton asserted that this account had been assigned to Asset or to Asset's predecessor and that default had occurred.

16. Mr. Augustine currently resides at 246 Lockwood Avenue, New Rochelle, NY 10801 (the "Lockwood Avenue address") and has resided there for several years.

17. Prior to 2004, Mr. Augustine had lived at 485 Pelham Road, Apartment B59, New Rochelle, NY 10805 (the "Pelham Road address").

18. Mr. Augustine 's billing address with Bank of America for the credit card ending in -

3913 was the Lockwood Avenue address.

19. Bank of America regularly used the Lockwood Avenue address in communicating with Mr. Augustine.

20. On September 12, 2013, Fulton sent a dunning letter to Mr. Augustine at the Lockwood Avenue address.

21. Despite the fact that any examination of the original creditor's file would have revealed that Mr. Augustine lived at the Lockwood address, and despite the fact that Fulton itself had recently used the Lockwood address, Fulton purported to serve the summons and complaint on Mr. Augustine on October 3, 2013, at the Pelham Road address, which he had moved out of nine years earlier.

22. Although he was not properly served, Mr. Augustine timely filed an answer in the State Action, denying that he owed Asset any money and raising as a defense, inter alia, that plaintiff had failed to obtain personal jurisdiction over him.

23. On November 13, 2013, Mr. Augustine, represented by Schlanger & Schlanger, LLP, entered into a Stipulation in the State Action, by which the State Action against Mr. Augustine was discontinued.

## FIRST CAUSE OF ACTION

### The Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA")

24. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

25. By undertaking the above referenced collection activities, Defendant violated 15 U.S.C. 1692 *et seq*.

26. Specifically and without limitation: Defendants violated the FDCPA by serving Mr. Augustine at an address at which Defendant knew or should have known he did not live, and

falsely representing to Mr. Augustine and the state court that proper service had been made when it knew or should have known this to be untrue, Defendant violated the FDCPA, including §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692d, 1692f and 1692f(1).

27. As a result of these violations of the FDCPA, Plaintiff has suffered actual damages, including, without limitation, anxiety, stress, loss of sleep, loss of appetite; fear, nervousness; emotional distress; worry and loss of happiness; loss of concentration; embarrassment; humiliation; intimidation, loss of the tranquility; and pain and suffering.

28. Mr. Augustine' actual damages also include the cost of retaining counsel to defend and dismiss the State Action.

29. As a result of these violations, Mr. Augustine is also entitled to statutory damages of $1,000, actual damages, attorney's fees and costs.

**WHEREFORE** plaintiff respectfully requests that this Court award:

    a. On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k;

    b. Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: November 25, 2013
       Pleasantville, New York

        Respectfully Submitted,

        *Elizabeth Shollenberger*
        Elizabeth Shollenberger
        Schlanger & Schlanger, LLP
        343 Manville Road
        Pleasantville, NY 10570
        Ph: 914-946-1981 ext 103
        Fax: 914-946-2930
        Elizabeth.shollenberger@schlangerlegal.com